362 So.2d 1214 (1978)
ALLSTATE INSURANCE COMPANY
v.
Cyrus A. THERIOT et al.
No. 9363.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
Rehearing Denied October 19, 1978.
Porteous, Toledano, Hainkel & Johnson, John L. Donovan, New Orleans, for plaintiff-appellant.
Robert J. Stamps, William J. Mora, III, Gerald J. Martinez, Metairie, for intervenor and appellant Melvin Moore.
Bienvenu, Foster, Ryan & O'Bannon, Robert N. Ryan, New Orleans, for defendants-appellees Donald Lambert Const. Co. and Empire Fire & Marine Ins. Co.
Before SAMUEL, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
Allstate Insurance Company, plaintiff, and Melvin Moore, intervenor, have appealed from a dismissal of their petitions on exceptions filed by defendants.
Allstate was the workmen's compensation insurer of the employer of Melvin Moore who sustained a compensable injury on January *1215 21, 1974. The injury required him to be hospitalized and on the date of the hospital discharge, March 6, 1974, while he was on his way home he was involved in an automobile accident. In its petition Allstate alleged that Moore was "in comparatively good health" at the time of his discharge from the hospital, and because of the accident, caused by the negligence of defendant Theriot, Moore required prolonged treatment for his injury. Allstate sued for all compensation benefits and medical expenses paid Moore after March 6, 1974, joining Theriot, his employer, and the employer's insurer as defendants. In August, 1976, Moore intervened in the proceedings for his own personal damages.
In the judgment appealed from exceptions of no cause or right of action and prescription were maintained with respect to the petition and intervention respectively. Since we have resolved that the exception of no right or cause of action was properly maintained as opposed to plaintiff it follows that the intervention was properly dismissed.
Plaintiff contends that its right or cause of action stems from the provisions of LSA-R.S. 23:1101, which provides as follows:
"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.
Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent."
While conceding that there is no jurisprudential authority for their position, plaintiff argues that it was obligated to continue making compensation payments to Moore or run the risk of being penalized for being arbitrary and capricious. Plaintiff continues its argument as follows:
"There can be no question that Mr. Melvin Moore, had he filed a lawsuit, rather than intervene in the lawsuit filed by Allstate Insurance Company, would have had a right and cause of action; however, what the defendants are saying is that while it can be readily recognized that Melvin Moore would have had a right or cause of action had he initiated the lawsuit, and the insurer herein, Allstate Insurance Company would have been able to intervene, without any defenses of no right or cause of action for and on behalf of defendants herein, nonetheless, because Allstate Insurance Company initiated this action to protect the sums of money they were required to pay because of further prolonged treatment herein and compensation benefits paid during that period of treatment, then in such instance, Allstate Insurance Company is denied recovery herein."
Plaintiff finally contends that nothing in the Workmen's Compensation law would preclude its right to bring this action under LSA-C.C. Arts. 2315 and 2316.
R.S. 23:1101 confers the right on the employer to bring a suit against a third person tort feasor to recover that which has been paid to the injured employee when the "injury for which compensation is payable. . . has been sustained under circumstances creating in some . . . third person" other than the employer the legal liability to pay damages in respect thereto.
In this case, the injury for which compensation is payable is the injury of January, 1974, and not the automobile accident of March. Plaintiff's liability is based on R.S. *1216 23:1031 because the employee received a personal injury "by accident arising out of and in the course of his employment . . ." The accident in March neither arose out of nor was in the course of Moore's employment, so that plaintiff and its insured, the employer, were not liable under Workmen's Compensation for the payment of any additional compensation benefits or medical expenses which may have been caused by this second accident. The compensation liability was limited to the balance of payments and medical expenses normally resulting from the January accident.
Plaintiff relies on Allen v. Louisiana Highway Commission, 150 So. 98 (La.App. 1st Cir. 1933) and Estilette v. United States Fidelity & Guaranty Co., 64 So.2d 878 (La. App. 1st Cir. 1953), but both of these cases are clearly distinguishable. In the first, plaintiff received an on the job injury to his leg which led to an infection. He ultimately died and a factual dispute arose as to whether his death resulted from the initial infection or from subsequent unrelated developments. The court concluded that the initial on the job injury to his leg was "indirectly responsible and a causative factor, leading to and bringing about the death of plaintiff's husband, and that she is therefore entitled to the compensation claimed."
In the Estilette case, an attempt was made by the compensation insurer to prove that the claimant's ultimate disability was not caused by the initial compensation injury, but the court held that he "was disabled by the accident in November, 1950, that he never recovered enough to be able to do his same work again, and that his present disability is the direct result of that accident and the injuries sustained therein."
For plaintiff to recover under these cases it would have to allege and prove that the extension of compensation benefits and medical expenses extending beyond March, 1974, was caused by the accident in January. A fair reading of plaintiff's petition, however, makes these extended payments the result not of the original injury but of the negligence of a third party. Plaintiff's alleged facts are likewise unlike the facts of Carter v. Rockwood Ins. Co., 341 So.2d 595 (La.App. 2nd Cir. 1977) where plaintiff sustained an on the job knee injury in July, 1973, and was able to establish that a fall at her home in February, 1975, resulting in a fracture of the femur of her right leg was causally related to the weakness of her knee, a residual of the 1973 accident. The court held that:
"The nature of the original knee injury was such that the chance of subsequent reinjury was a foreseeable risk and an expectable consequence. The second accident resulted during normal activity and was a reasonably foreseeable and natural consequence of the work-related injury."
The only support we find for plaintiff's position is dicta in Deville v. Townsend Bros. Construction Company, 284 So.2d 110 (La.App. 3rd Cir. 1973). There, plaintiff sustained a burn on the job in October, 1971, and was found to be entitled to compensation benefits until January, 1973. Defendants attempted to show that plaintiff's initial injury was aggravated by his failing to take proper care of his wound, perhaps intentionally reinjuring the wound and perhaps having his condition aggravated as a result of an automobile accident which occurred in April, 1972. The court made the following statement:
". . . Assuming, arguendo, that the plaintiff did aggravate his condition in an automobile accident, such an occurrence in itself is no reason to deny him compensation benefits to which he is otherwise entitled."
The court cited no authority for this statement, but it is only dicta because the court continued:
"In any event, the trial court obviously concluded that plaintiff's right forearm burn condition was not aggravated by the intervention of any automobile accident. We again find no manifest error on the part of the trial court on that point."
Professor Malone in his Louisiana Workmen's Compensation (1951), § 233, deals with the effect of an independent cause on an existing compensable injury and indicates *1217 that the courts have manifested a liberal attitude toward complications following such an injury. However, he notes that an employer "should not be charged for independent harms which the employee sustains while under treatment where such harms not related in fact to the accident which occurred on the job." (page 287)
Finally, we do not agree that plaintiff has a cause of action under C.C. Art. 2315 or 2316. Plaintiff's loss did not result from the negligence of defendants, but instead from making voluntary payments to Moore when it had no obligation to do so. Neither is there any basis for concluding that plaintiff had a right to bring this action as a subrogee pursuant to C.C. Arts. 2159 et seq.
Having concluded that the judgment maintaining the exception of no right or cause of action and dismissing plaintiff's suit was correct, it follows that the judgment dismissing the intervention was likewise correct.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.