373 So.2d 599 (1979)
Alton PAULK, Plaintiff-Appellee,
v.
GENERAL ACCIDENT GROUP and A-1 Electric Company, Inc., Defendants-Appellants.
No. 7047.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
Rehearing Denied August 15, 1979.
*600 Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellants.
Stafford, Trimble, Randow & Smith, Ronald J. Fiorenza, Alexandria, for exceptor-appellee.
Holt, Wagner & Lee, Charles F. Wagner, Pineville, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
STOKER, Judge.
This is an appeal from the dismissal of a third-party action brought by the defendants in a suit for workmen's compensation. The defendants and third-party plaintiffs sued an alleged tort-feasor who allegedly caused an off-the-job accident injury to plaintiff subsequent to plaintiff's injury sustained on the job. The dismissal was pursuant to an exception of no cause of action filed by the alleged tort-feasor and his liability insurer. We affirm the trial court's action.
Alton Paulk, plaintiff herein, was injured while acting within the course and scope of his employment with A-1 Electric Company, Inc. (hereinafter, "A-1") on or about November 31, 1976. As a consequence of this accident, A-1's workmen's compensation insurer, General Accident Fire & Life Assurance Corporation (hereinafter, "General Accident"), began workmen's compensation payments to the plaintiff in the amount of $95.00 per week from the date of the accident. Additionally, General Accident paid plaintiff's medical expenses totaling $869.45 for his work related injury.
On December 6, 1977, the claimant was involved in an automobile accident with W. D. Morrow, who was insured by American Hardware Mutual Insurance Company (hereinafter, "American") at that time. Shortly after this collision, General Accident terminated plaintiff's compensation benefits. Plaintiff brought this action to reinstate these benefits for his total and permanent disability as a result of the November, 1976 accident.
Plaintiff's petition does not contain any allegations concerning an accident that may have occurred on December 6, 1977. The third-party demand does not contain any allegations that original plaintiff, Alton Paulk, was in the course and scope of his employment with A-1 Electric Company at the time the December 6, 1977 accident occurred.
General Accident and A-1 answered Paulk's petition denying any further liability to the claimant under the workmen's compensation statute. The defendants also filed a third-party demand against W. D. Morrow and American, alleging that Morrow's negligence was the sole cause of the second accident and that should General Accident and A-1 be held liable in the principal demand for any compensation benefits to Paulk after December 6, 1977, then they were entitled to recover these sums from third-party defendants under LSA-R.S. 23:1101. In their demand, defendants asserted that any disability from which the plaintiff currently suffers is the result of the December 6th accident and therefore they should be able to recover any amounts they are compelled to pay for these injuries from the third-party tort-feasor.
In response to the third-party demand, Morrow and American filed a peremptory exception of no cause of action. Third-party *601 defendants contend that the third-party demand contained no basis to indicate that General Accident or A-1 would be liable to Paulk for compensation resulting from the December 6th accident. As such, Morrow and American alleged that no cause of action was established under LSA-R.S. 23:1101 asserting that this provision only allows for the recovery by the employer or the employer's insurer where the employer is obligated to make compensation payments for the injuries resulting from the negligence of the third-party tort-feasor. Third-party defendants stated that no such obligation was incumbent upon A-1 and General Accident in this instance and therefore no action could lie against Morrow or American.
The trial court sustained third-party defendant's exception of no cause of action and dismissed General Accident and A-1's third-party demand. Defendants now appeal.
The circumstances of this case do not bring into play the right of parties who are obligated to pay compensation to seek indemnification against a third party who causes the accident as authorized by LSA-R.S. 23:1101. Allstate Ins. Co. v. Theriot, 362 So.2d 1214 (La.App. 4th Cir. 1978). For the right of indemnification to apply, there must exist a corresponding right in the employee to receive compensation as a result of the injury in question. See Carrol v. Terral, 334 So.2d 735 (La.App. 3rd Cir. 1976); Plummer v. Motors Ins. Corp., 233 La. 340, 96 So.2d 605 (1957); Bellard v. Woodward Wight & Co., Ltd., 362 So.2d 819 (La.App. 4th Cir. 1978), writ den., 363 So.2d 923 (La. 1978).
Defendants and third-party plaintiffs urge that they should be given the opportunity to amend their answer and third-party action in the event this court agrees their pleadings do not set forth a cause of action against third-party defendants. They seize upon certain language in Allstate Ins. Co. v. Theriot, supra, which they urge justifies this course. The language is actually a quotation from Carter v. Rockwood Ins. Co., 341 So.2d 595 (La.App. 2nd Cir. 1977). However, a reading of the Carter case and the excellent discussion beginning under Headnote 3 on page 598, demonstrates that, contrary to appellants' contentions, appellants have no cause of action. The second accident sustained in the instant case by plaintiff, Alton Paulk, was not a natural and expectable consequence of the work-related accident which initially disabled plaintiff.
For the foregoing reasons the judgment of the trial court sustaining the exception of no cause of action and dismissing the third-party petition is affirmed. Costs of this appeal are assessed against third-party plaintiffs.
AFFIRMED.