493 So.2d 263 (1986)
Lucy Faul CEDOTAL, Plaintiff-Appellant,
v.
WAUSAU INSURANCE COMPANY & Huval Bakery, Inc., Defendants-Appellees.
No. 85-1120.
Court of Appeal of Louisiana, Third Circuit.
August 19, 1986.
*264 G. Paul Marx, of Marx and Marx, Lafayette, for plaintiff-appellant.
John A. Jeansonne, Jr., of Jeansonne, Briney, Lafayette, for defendants-appellees.
Before STOKER, KNOLL and KING, JJ.

MOTION TO REMAND
KNOLL, Judge.
The defendants-appellees, Wausau Insurance Company and Huval Bakery, Inc., move to remand this suit to the trial court to determine whether the plaintiff-appellant, Lucy Faul Cedotal, has forfeited her right to future worker's compensation for failing to comply with LSA-R.S. 23:1102.
On January 31, 1985, the appellant, Lucy Faul Cedotal, filed suit in the Fifteenth Judicial District Court, Parish of Lafayette, seeking worker's compensation benefits from the appellees, Wausau Insurance Company and Huval Bakery, Inc. The trial court rendered judgment on August 29, 1985 dismissing the plaintiff's suit, pursuant to LSA-R.S. 23:1209, on the grounds plaintiff's suit had prescribed, and plaintiff timely appealed. Subsequent to briefs being filed on behalf of all parties, appellees have moved this court to remand the case to the trial court to consider the new issue raised by the appellees-movers, that of the appellant's possible forfeiture of her right to worker's compensation under LSA-R.S. 23:1102.
If the record contains enough facts to determine this issue, there is no need to remand the case since the mover has alternatively asked this court to render judgment on this issue. Since the briefs and exhibits supply a sufficient record, the Court will decide this issue directly.
Mover maintains that LSA-R.S. 23:1102(A) required the appellant to notify the appellees in writing of a suit the appellant had filed in 1985 on a cause of action for medical malpractice against Lafayette General Hospital and Dr. John N. Straub allegedly occurring on December 9, 1980.
LSA-R.S. 23:1102(A) provides:
"A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."
In order to determine whether appellant was required to notify her employer or its insurer, one must determine if the cause of action based on medical malpractice is one encompassed in LSA-R.S. 23:1101.
LSA-R.S. 23:1101 provides in part:
"When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person ... a legal liability to pay damages in respect thereto ..."
For the appellees to bring into play their right of indemnification under R.S. 23:1101 against a third party, there must exist a corresponding right in the employee to receive compensation as a result of the injuries in question. Paulk v. General Accident *265 Group, et al., 373 So.2d 599 at 601 (La.App. 3rd Cir.1979) and cases cited therein. Simply put, the injury sustained must be from an accident "arising out of and in the course and scope of" the appellant's, Lucy Cedotal's, employment with the appellee, Huval Bakery, Inc. Allstate Insurance Co. v. Theriot, 362 So.2d 1214 at 1216 (La.App. 4th Cir.1978).
The appellant's suit against Lafayette General Hospital and Dr. Straub alleges negligence dealing with endometriosis and the improper surgical removal of a vaginal cyst. These injuries were sustained in December of 1980, and by no stretch of the imagination was her operation connected with, or arising out of and in the course of her employment with Huval Bakery, Inc. Similarly, as the defendants-appellees were not compelled to pay worker's compensation to the appellant for the injuries she sustained as a result of the alleged medical malpractice, there are no corresponding rights between the appellant and appellees to satisfy the requirements, as expressed in Paulk by this Court, for an employer to bring suit against a third party pursuant to LSA-R.S. 23:1101.
As plaintiff's-appellant's suit against Lafayette General Hospital and Dr. Straub is not a cause of action encompassed in LSA-R.S. 23:1101, the defendants-appellees, Wausau Insurance Co. and Huval Bakery, Inc. were not entitled to notice as required by LSA-R.S. 23:1102. Since remanding this case to the trial court would only delay the final adjudication of these parties' rights, and mover's motion lacks any merit, the motion to remand will be denied.
MOTION TO REMAND DENIED.