509 So.2d 813 (1987)
Glynn DICKERSON
v.
KROGER, INC., et al.
No. 86 CA 0484.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
*814 Steve M. Marks, Baton Rouge, La., for Welfare Trust Fund.
John W. Perry, Jr., Baton Rouge, La., for Great American Ins. Co.
Burton Guidry, Baton Rouge, La., for Burton Guidry.
James E. Moore, Baton Rouge, La., for Kroger, Inc. and Fireman's Fund Ins. Co.
Louis Robein, Jr., Metairie, La., for Welfare Fund.
Before EDWARDS, WATKINS and PONDER, JJ.
EDWARDS, Judge.
Plaintiff injured his knee in a 1981 work-related accident, and he reinjured his knee in 1982 in a slip and fall accident at a Krogers store in Baton Rouge. In this suit against Krogers he sought damages arising from the latter injury. Great American Insurance Company, his worker's compensation insurer, and his union's welfare trust fund intervened to recover benefits they had paid plaintiff in connection with this nonwork injury.
On the morning of trial a partial settlement was reached in which Krogers agreed to pay plaintiff $250,000, and plaintiff released Krogers from all claims related to the 1982 injury. Plaintiff also released Great American from any future claims in that regard. Great American and the welfare trust fund released plaintiff from any personal claim for reimbursement, but reserved their rights against Krogers.
Great American and Krogers entered a stipulation to the effect that Krogers was liable for the fall; that though it aggravated the work injury, the fall was not work-related; that it was a new, unforeseen event, not caused by the existing injury; and that the amount due Great American was $20,000. The only issue, whether, as a matter of law, Great American could recover from Krogers, was submitted to the court on the stipulations and briefs. Krogers and the welfare trust fund stipulated that the amount of the fund's claim was $23,000, but the issue of liability was left for trial.
After trial, the court concluded that Krogers was not negligent, and accordingly dismissed the welfare trust fund's claim. Nevertheless because Krogers had stipulated to liability for purposes of its agreement with Great American, the court had to determine whether there was a legal right of recovery. Basing its decision on Allstate Insurance Co. v. Theriot, 362 *815 So.2d 1214 (La.App. 4th Cir.1978), and Employees Mutual Liability Insurance Co. v. Dixon, 425 So.2d 885 (La.App. 4th Cir. 1983), the court concluded that Great American had no right of recovery against Krogers. Great American and the welfare trust fund appeal.
We address first the welfare trust fund's appeal. Once a plaintiff proves that a foreign substance on the floor caused him to slip, fall, and receive injuries, the defendant has the burden of exculpating himself from the presumption of negligence by showing that he took reasonable steps to discover and correct dangerous conditions that could have been reasonably anticipated. Brown v. Winn-Dixie La., Inc., 452 So.2d 685, 686-87 (La.1984). Defendant's witnesses admitted that there was a spot of oil about the size of a quarter or half dollar on the floor near where plaintiff fell. Consequently Krogers had the burden of exculpating itself by proving that "its employees did not cause the hazard and that [it] exercised such a degree of care that [it] would have known under most circumstances of a hazard caused by customers." Id. at 687.
We are satisfied that Krogers carried this burden. William Crooks, who was working in the store as a stocker at the time of the accident, testified that stockers had a very specific responsibility to check the floor while they worked. Furthermore every employee in the store was made aware of the problem of floor hazards and expected to watch for them. Because it is most likely that any floor hazard caused by store employees would have been created by stockers, and because the management required stockers to carefully check the floor as they worked, it is more probable than not that the floor hazard in this case was not caused by the store employees.
In addition the store had a system to discover and correct dangerous conditions. All store employees were cautioned to be on the lookout for floor hazards, but there was always one bagger specifically assigned the job of monitoring and sweeping the floor. This bagger would be the floor monitor for his entire shift. According to Gilbert Woods, the assistant manager of the store at the time of the accident, the floor monitor would sweep all the aisles, beginning in the fruit and vegetable aisle, and spot mop where necessary, which would take about 15 to 20 minutes, then wait another 15 to 20 minutes, and repeat the whole process again and again throughout the day. If the store got particularly busy, the floor monitor would go to the front and bag groceries for a while but then get immediately back to his floor duty as soon as possible. William Crooks testified that only when the store was extremely busy would all baggers be actually bagging groceries. According to Mr. Crooks, there were usually enough baggers to cover the front and still have other baggers for doing other things. Crooks testified that baggers usually swept the entire floor twice an hour, but even in very busy times, no less than once an hour.
A store cannot exculpate itself from the presumption of negligence merely by establishing that the floors were cleaned "as needed." In Brown v. Winn-Dixie Louisiana, Inc., there were no periodic inspections for spills or other floor hazards. No one employee had the responsibility of being floor monitor. The same situation prevailed in Core v. Winn-Dixie of Louisiana, Inc., 471 So.2d 240 (La.App. 1st Cir.), cert. denied, 476 So.2d 353 (La.1985). In Core, although it was not clear exactly when the floor had last been cleaned, the assistant manager testified that he had instructed one of the part-time employees to clean the floor approximately two and one-half hours before the accident occurred.
In contrast, the Krogers store in this case made a diligent effort to discover and correct dangerous conditions. At all times, one person was assigned the specific duty of monitoring the floors, and this practice resulted in the entire floor of the store being swept at least once, and often twice, per hour. Under these circumstances we cannot say that Krogers was negligent. Accordingly the trial court was correct in dismissing the welfare trust fund's case.
*816 We continue now to the question of law relating to the facts stipulated between Krogers and Great American. Although we have already determined that Krogers was not negligent, and therefore would not have been liable to plaintiff, for purposes of this inquiry we must make the opposite assumption because Krogers so stipulated.
Great American seeks to recover from Krogers under the following provision:
A. When an injury ... for which compensation is payable under this Chapter has occurred under circumstances creating in some person ... other than [the employer] a legal liability to pay damages in respect thereto, the ... employee or his dependents may claim compensation under this Chapter....
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents.
LSA-R.S. 23:1101 (emphasis added). Great American correctly points out that this provision gives one who has paid compensation benefits the right to recover from the tort-feasor. Yet by its very terms it applies only to injuries for which worker's compensation is payable, that is, work-related injuries. Employer's Mutual Liability Ins. Co. v. Dixon, 425 So.2d 885, 886 (La.App. 4th Cir.1983); Allstate Ins. Co. v. Theriot, 362 So.2d 1214, 1215 (La.App. 4th Cir.1978), rev'd on other grounds, 376 So.2d 950 (La.1979).
If, however, a subsequent injury away from work was foreseeable, and came about as a result of the work-related injury having predisposed the victim to future injury, the subsequent injury is compensable under worker's compensation law. Kelly v. City of New Orleans, 414 So.2d 770, 772 (La.1982). We need not determine, however, whether this was the case in the present injury, since the parties stipulated that the injury was new, unforeseen, and not caused by the existing injury. Accordingly, as a matter of law, Great American cannot recover benefits paid in connection with an injury for which worker's compensation was not payable.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.