615 So.2d 1354 (1993)
Dorothy ELLIOTT, Plaintiff-Appellee,
v.
George E. GLASS, Custom Labels, Inc. and Charter Oak Fire Insurance Company, Defendants-Appellees,
Beauregard Memorial Hospital, Intervenor-Appellant.
No. 24605-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
*1355 Pitre, Halley & Sikich by Earl G. Pitre, Mesonie T. Halley, Lake Charles, for intervenor, Beauregard Memorial Hosp.
Rivers, Beck & Dalrymple by Robert L. Beck, Jr., Alexandria, for plaintiff, Dorothy Elliott.
Blanchard, Walker, O'Quinn & Roberts by Donald Armand, Jr., Joseph S. Woodley, Shreveport, for defendants, George E. Glass, Custom Labels, Inc. and The Charter Oak Fire Ins. Co.
Before HIGHTOWER, VICTORY and STEWART, JJ.
STEWART, Judge.
Beauregard Memorial Hospital appeals a trial court ruling which granted plaintiff's and defendants' exception of no cause of action, as well as plaintiff's exception based on lack of subject matter jurisdiction. We affirm in part, reverse in part and remand.

FACTS
Plaintiff, Dorothy Elliott, sued defendants, George E. Glass; his employer, Custom Labels, Inc.; and its insurer, The Charter Oak Fire Insurance Company, for damages due to injuries she sustained when a vehicle driven by Glass collided with the rear end of her vehicle on March 9, 1988 in Bossier City.
Prior to that collision, Elliott had sustained a work-related back injury on June 2, 1987 while she was employed by Beauregard Memorial Hospital (BMH). After surgery, Elliott's physical condition had improved during the time period between the two accidents. Prior to the 1988 collision, she was released by her physician to return to light duty work. BMH paid worker's compensation benefits (w.c.) to Elliott from the time of the 1987 accident through the time of the 1988 accident.
After the 1988 accident, Elliott's condition deteriorated. She had to have three additional surgeries to her back which left her totally and permanently disabled. During this time, BMH continued to pay her medical expenses, as well as weekly w.c. benefits.
BMH filed a petition for intervention in Elliott's suit against Glass, his employer and its insurer. BMH's petition asserts that it is entitled to reimbursement of medical expenses, and other w.c. benefits (i.e., lost wages), which were owed to Elliott by defendants but which had been paid by intervenor, BMH. BMH asserts a statutorily created cause of action for reimbursement of w.c. benefits and medical expenses (R.S. 23:1101) based upon aggravation, caused by the 1988 accident, of the 1987 work-related injury. In the alternative, BMH requests return of its payment to Elliott of a thing not due.
In response to BMH's petition for intervention, plaintiff, Elliott, filed an exception of no cause of action and lack of subject matter jurisdiction. Defendants, Glass and Charter Oak Fire Insurance Company, filed an exception of no cause of action. The trial court granted plaintiff's and defendants' exceptions.
Intervenor, Beauregard Memorial Hospital, appeals, asserting that the trial court erred in granting the two exceptions of no cause of action, and in granting the lack of subject matter jurisdiction exception. We disagree regarding each exception of no cause of action, but agree as to the subject matter jurisdiction exception.

DISCUSSION

No Cause of Action: Plaintiff's Exception
1. The LSA-R.S. 23:1101 right to recover from defendants.
Plaintiff and defendants each filed exceptions of no cause of action because the *1356 petition for intervention does not allege any relationship between the injuries from the 1988 accident and those from the work-related accident.
Employee and employer suits against third persons are regulated as follows by the Louisiana Worker's Compensation Act: (emphasis added)
§ 1101. Employee and employer suits against third persons; effect on right to compensation
A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
The express language of § 1101 B provides a cause of action for anyone, who has paid or become obligated to pay w.c. benefits, to recover such benefits from a third party tortfeasor. The elements of this cause of action are as follows:
(1) an employee injury, sickness or disease for which worker's compensation benefits are payable;
(2) which occurs under circumstances which impose upon a third person (i.e., someone other than those persons against whom the employee's rights and remedies are limited in R.S. 23:1032) legal liability to pay damages in respect thereto;
(3) and where the person seeking reimbursement has paid or has become obligated to pay worker's compensation benefits to or on behalf of said employee.
The statute contemplates the situation where a third person causes injury and such injury is compensable under the Louisiana Worker's Compensation Act. Townsend v. Pittsburgh Plate Glass Industries, Inc., 535 So.2d 407, 412 (La.App. 3d Cir. 1988), writ denied, 536 So.2d 1200 (La. 1988). In order for the intervenor to bring into play its right of indemnification under R.S. 23:1101 against a third party, there must exist a corresponding right in the employee to receive compensation as a result of the injuries in question, in this case, the injuries sustained in the automobile accident. Cedotal v. Wausau Insurance Co., 493 So.2d 263 (La.App. 3d Cir.1986); Paulk v. General Accident Group, 373 So.2d 599, 601 (La.App. 3d Cir.1979). The injury sustained must be from an accident "arising out of and in the course and scope of" Elliott's employment with the intervenor. See Cedotal, supra; Allstate Insurance Co. v. Theriot, 362 So.2d 1214, 1216 (La.App. 4th Cir.1978), reversed on other grounds and remanded, 376 So.2d 950 (La. 1979).
Accepting as true the facts plead in the petition for intervention, elements 2 and 3 of this cause of action are not at issue. The 1988 car accident imposed liability upon a third party and intervenor paid w.c. benefits to and/or on behalf of Elliott after that accident. At issue then is whether the *1357 petition alleges sufficient facts to show that the 1988 accident resulted in a compensable injury, sickness or disease. Essentially, was the employer obligated to pay w.c. benefits as a result of the off-the-job accident aggravating an earlier work-injury?
If a subsequent injury away from work was foreseeable, and came about as a result of the work-related injury having predisposed the victim to future injury, the subsequent injury is compensable under worker's compensation law. Kelly v. City of New Orleans, 414 So.2d 770, 772 (La. 1982); Dickerson v. Kroger, Inc., 509 So.2d 813, 816 (La.App. 1st Cir.1987). However, a third party tortfeasor is not required to reimburse an employer or compensation carrier for w.c. benefits paid to an injured worker for non-work related injuries which were caused by an intervening, independent and unforeseeable incident. See Employers Mutual Liability Insurance Co. of Wisconsin v. Dixon, 425 So.2d 885 (La. App. 4th Cir.1983).
Intervenor argues that the § 1101 cause of action was recognized in Ledet v. Hogue, 540 So.2d 422 (La.App. 1st Cir.1989). We agree that this cause of action exists and is available to an intervenor. See LSA-R.S. 23:1102 A. However, unlike the petition for intervention in Ledet, the instant petition fails to state the § 1101 cause of action. The Ledet court held that intervenor's petition stated a cause of action after finding that the petition for intervention alleged that the intervenor
erroneously paid for plaintiff's injuries received in the second accident (sued upon by plaintiff herein) because plaintiff never informed intervenor of the second accident, ...
In the absence of notice to the intervenor, the Ledet court stated that "to hold otherwise would undermine the purpose of worker's compensation laws." Ledet, supra at 425. By contrast, the instant facts as stated in the petition do not involve payments which occurred because there was no notice to the intervenor.
The instant petition of intervention fails to allege any relationship between either the two accidents or their resultant injuries, except that the 1988 accident aggravated the earlier work-related injuries. There is no allegation that the 1988 accident caused or resulted in compensable injuries. On the face of the petition, the 1988 accident was an intervening unforeseeable incident which was independent of the work-related injuries. The petition fails to allege that the injuries arising from the 1988 accident were anything other than new, unforeseen and not caused by the prior injuries. See Dickerson v. Kroger, Inc., supra.
Elliott is not entitled to recover damages from the tortfeasor for her pre-exiting condition; if she obtains a judgment for something other than new injuries or aggravation of the pre-exiting condition, it is the tortfeasor who has a basis to complain, not intervenor. See Cahill v. Schultz, 521 So.2d 442, 444 (La.App. 4th Cir.1988). Based upon the facts as alleged in the petition for intervention, there is no relationship between the 1987 work-related accident/injuries and the 1988 nonwork-related accident/injuries, therefore the latter injuries are not subject to worker's compensation law. Under these circumstances, R.S. 23:1101 does not apply. For this reason, plaintiff's exception of no cause of action was properly sustained with regard to intervenor's § 1101 allegations.
2. Claim for return of payment of a thing not due.
In its supplemental and amended petition, intervenor alleges that it has paid a thing not due. Intervenor asserts that plaintiff demanded, received and took its payments of w.c. benefits and medical expenses which were not due to her, and that she is obligated to restore these payments to intervenor.
Plaintiff's exception of no cause of action also asserts that intervenor failed to allege "that the payments were made involuntarily, under duress, or without a full appreciation by Intervenor of the facts upon which the payments were based." Likewise, defendant's exception of no cause of action asserts that intervenor has not stated a *1358 cause of action based on payment of a thing not due.
A person who has paid through mistake, believing himself a debtor, may reclaim what he has paid. LSA-C.C. Art. 2302. An action under this article will lie against either the creditor or the true debtor. Mathews v. Louisiana Health Service & Indemnity Co., 471 So.2d 1199, 1203 (La.App. 3d Cir.1985); Acme Refrig. of Baton Rouge v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977). A cause of action does exist for a w.c. insurer to recover w.c. benefit payments made in error. See Mathews, supra; DeVillier v. Highlands Insurance Co., 389 So.2d 1133, 1138 (La. App. 3d Cir.1980).
In brief, intervenor argues that it made payments through mistake if, in fact, an obligation to pay w.c. benefits did not arise from the second accident. No such allegation appears in the petition for intervention, as supplemented and amended. The petition alleges payment of a thing not due, as defined in LSA-C.C. Art. 2304, but does not allege the element of mistake necessary to recover such payment under LSA-C.C. Art. 2302. The trial court properly granted plaintiff's exception of no cause of action as to intervenor's request for return of payment of a thing not due.

No Cause of Action: Defendants' Exception
Defendants also filed an exception of no cause of action based on failure to allege a relationship between the 1988 accident and plaintiff's work-related injuries. For the reasons discussed above, we find no error in the trial court ruling regarding intervenor's § 1101 allegations.
Defendants' exception of no cause of action further asserts that intervenor "has no cause of action against defendants for payment of a thing not due to the plaintiff nor does it have a cause of action against defendants for unjust enrichment." We note that defendants have no standing to challenge intervenor's cause of action against plaintiff. In addition, we note that the petition does not allege any elements of unjust enrichment, therefore we need not address defendant's allegation on this issue.
For the reasons discussed concerning plaintiff's exception of no cause of action, the trial court properly granted defendants exception of no cause of action.

No Cause of Action: In Summary
For the foregoing reasons, we find no error in the trial court's ruling that the petition for intervention, as supplemented and amended, fails to state a cause of action with regard to either plaintiff or defendants. However, we cannot say that there is no conceivable possibility that the petition could be amended to state a cause of action against plaintiff and against defendants based on return of payment for a thing not due. Although the trial court allowed intervenor to amend its petition, we do not find it inappropriate to allow intervenor a further opportunity to state a cause of action, particularly to state any relevant facts concerning Art. 2302 recovery. Accordingly, we remand to the trial court with the instruction that an order issue allowing intervenor to amend its petition to state a cause of action, if it can, within a reasonable delay not to exceed 20 days. LSA-C.C.P. Art. 934; See also, Persilver v. Louisiana Dept. of Transportation, 592 So.2d 1344, 1352 (La.App. 1st Cir.1991). If not amended, the judgment of the trial court, which grants the two exceptions of no cause of action, is affirmed.

Subject Matter Jurisdiction
Plaintiff Elliott asserts the following as the basis for her exception of lack of subject matter jurisdiction:
III.
Intervenor's sole remedy at law to recoup voluntary overpayments of worker's compensation benefits is to suspend payment of future benefits until any overpayment is recouped.
IV.
Any suspension of worker's compensation benefits by intervenor to recoup an *1359 alleged overpayment is a matter which arises under Louisiana's Worker's Compensation Act over which the Office of Worker's Compensation has sole and exclusive jurisdiction.
V.
Accordingly, this Honorable Court lacks jurisdiction over the subject matter of Intervenor's petition.
We disagree. As discussed above, R.S. 23:1101 provides a cause of action to recover w.c. benefits. In conjunction with § 1101, R.S. 23:1102 A provides as follows:
If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
These statutes do not require that the overpayment be "involuntary" in order to be recovered. Suspension of future benefit payments is not the "sole" remedy at law for recovery of w.c. benefits.
Furthermore, there is no requirement that the suit against the third party tortfeasor be filed with the Office of Worker's Compensation (OWC), and therefore no requirement that the § 1102 A intervention be handled under the exclusive jurisdiction of the OWC. These two statutes provide a cause of action and a right to intervene specifically for the purpose of recovering overpayments of worker's compensation benefits. The fact that intervenor failed to allege facts sufficient to state this cause of action does not divest the trial court of jurisdiction over the matter.
For these reasons, we find that the trial court erred as a matter of law in sustaining this exception. Accordingly, the judgment granting plaintiff's exception of lack of subject matter jurisdiction is reversed.

CONCLUSION
Accepting as true the facts alleged in the petition for intervention, as amended and supplemented, the 1988 auto accident neither arose out of nor was in the course of Elliott's employment with BMH. Therefore, BMH was not liable under Louisiana Worker's Compensation Act for the payment of any additional compensation benefits or medical expenses which were caused by the second accident, and LSA-R.S. 23:1101 is inapplicable. Intervenor's petition does not state the cause of action found in § 1101. Likewise, intervenor has failed to state a cause of action for recovery of payment of a thing not due. However, plaintiff's lack of subject matter jurisdiction exception has no merit.
For the foregoing reasons, we affirm the trial court ruling which sustained plaintiff and defendants' exceptions of no cause of action, however we remand the case on this issue to allow amendment of the petition for intervention. The trial court is instructed to issue an order which allows intervenor to amend its petition to state a cause of action, if it can, within a reasonable delay not to exceed 20 days from the date of the order. If the petition is not amended within this time, the judgment of the trial court, which grants the two exceptions of no cause of action, is affirmed.
We reverse the ruling which sustained plaintiff's exception of lack of subject matter jurisdiction.
Costs of this appeal are assessed against appellant, Beauregard Memorial Hospital.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.