637 So.2d 672 (1994)
Walter HENTON, Plaintiff-Appellant,
v.
WALKER & WELLS CONTRACTORS INC., et al., Defendants-Appellants.
No. 25821-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
*674 Samuel Thomas, Tallulah, for plaintiff-appellant.
Julia A. Mann, Lunn, Irion, Johnson, Salley & Carlisle, Shreveport, for defendants-appellants.
Before SEXTON, LINDSAY and WILLIAMS, JJ.
WILLIAMS, Judge.
Claimant appeals an administrative hearing officer's judgment denying his worker's compensation claim. For the reasons expressed, we amend the judgment and affirm as amended.

FACTS
The claimant, Walter Henton, was employed by Walker & Wells as a pipe layer. On April 12, 1989, the claimant was traveling to a job site in Mississippi as a passenger in a truck driven by Donald Wells, his supervisor. Wells lost control of the vehicle and it overturned. As a result of the accident, the claimant suffered a back injury. He was referred by the company doctor to Dr. Sidney Bailey, an orthopedic surgeon, for examination and treatment. After several months of unsuccessful conservative treatment, Dr. Bailey ordered a MRI of claimant's back. The MRI revealed a posterior lateral disk bulge at L4-5 with possible nerve root impingement. On December 14, 1989, Dr. Bailey performed a right L4-5 laminectomy and foraminotomy of the L5 nerve root. On April 3, 1990, Dr. Bailey assessed claimant a ten percent impairment rating of his spine and released him to perform some form of work that did not involve kneeling, climbing or crawling. Dr. Bailey also set restrictions on the amount of time the claimant could sit and stand and the weight he could lift at any one time. Dr. Bailey concluded the claimant could never return to his previous employment as a pipe layer.
Claimant returned to Dr. Bailey on May 9, 1990 complaining of pain in his right arm and hand as well as swelling of his right leg. Dr. Bailey did not observe any swelling of claimant's right leg or any problems in his right arm and hand that were related to his back injury. Claimant did not see Dr. Bailey again until January 1991 when he made two visits during that month complaining of pain in his low back and right leg. Dr. Bailey ordered another MRI, which indicated that there were no disks pushing against a nerve and that there was very little scarring. The claimant was able to heel-toe walk, which indicated that there was no weakness in his legs due to nerve impingement. Based upon the results of the MRI and physical examinations, Dr. Bailey concluded that there were no objective findings to support claimant's subjective complaints of pain.
On July 22, 1991, claimant went to the Madison Parish Hospital emergency room complaining of low back pain. Dr. Lawrence F. Chenier, III, an emergency room physician, diagnosed his condition as low back pain secondary to herniated nucleus pulposus with fusion.
At trial, Dr. Chenier testified that claimant returned to the Madison Parish Hospital emergency room on August 16, 1991 complaining of low back pain and an inability to move the toes of his right foot. The emergency room report reflects that claimant stated he had slipped and fell as he was leaving the shower while in the Madison Parish jail.
*675 After the trial, the hearing officer awarded claimant worker's compensation benefits for temporary total disability from the date of his accident until his release from Dr. Bailey's care on April 3, 1990. Claimant was awarded supplemental earnings benefits from April 3, 1990 until the date of his fall on August 16, 1991. Defendant was ordered to pay all related medical expenses to August 16, 1991. Claimant's request for penalties and attorney fees was denied. Claimant appeals.

DISCUSSION
Claimant argues he is totally and permanently disabled and the defendant wrongfully reduced his payments to supplemental earnings benefits. He also complains that the defendant failed to pay medical expenses. He argues that penalties and attorney fees should have been assessed against the defendants.

Permanent Disability
Claimant contends he has made a case of total permanent disability under the odd-lot doctrine because he has only an eighth grade education, limited reading and writing skills and has worked only as a laborer. LSA-R.S. 23:1221(2)(c) provides that an employee must show that he is physically unable to engage in any employment or self-employment, including "any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment." This provision prohibits the use of the jurisprudentially created odd-lot doctrine. Gaspard v. St. Paul Fire & Marine Ins. Co., 483 So.2d 1037 (La.App. 3d Cir.1985).
Claimant presented Dr. Chenier's testimony to prove that he is permanently disabled due to chronic low back pain secondary to herniated nucleus pulposus. However, Dr. Bailey assessed claimant with only a ten percent impairment of his spine and released him to return to some form of work with some restrictions. Dr. Bailey testified that there were no objective findings to support claimant's subsequent complaints of low back pain.
When a factfinder's finding is based on its decision to credit the testimony of one or more witnesses, that finding can never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The hearing officer accepted Dr. Bailey's expert opinion in regard to claimant's ability to engage in some type of employment. Since the medical evidence revealed that claimant could perform some type of restricted work, we cannot conclude on this record that the hearing officer was clearly wrong in finding that the claimant was not totally and permanently disabled.

Supplemental Earnings Benefits
Claimant was awarded supplemental earnings benefits from the date Dr. Bailey released him until his fall on August 16, 1991. The hearing officer reasoned that no supplemental earnings benefits were due after August 16, 1991 because claimant's fall was an intervening accident and was not associated with claimant's work-related injuries.
An injured employee seeking supplemental earnings benefits has the burden of proving by a preponderance of the evidence that his injury resulted in an inability to earn ninety percent or more of the wages he was receiving at the time of his injury. LSA-R.S. 23:1221(3)(c)(i); Prudhomme v. DeSoto Professional Home Health Services, 579 So.2d 1167 (La.App. 2d Cir.1991).
Dr. Bailey indicated that claimant has a ten percent impairment rating of his spine. He testified that claimant could return to work with some restrictions. However, Dr. Bailey stated that claimant could never return to his previous employment as a pipe layer. Claimant has an eighth grade education, limited reading and writing skills and no vocational training. Thus, claimant has established a prima facie case of entitlement to supplemental earnings benefits.
Once the claimant has established a prima facie case of entitlement to supplemental earnings benefits, the employer has the burden of showing that claimant is physically able to perform work that was offered or available in his reasonable geographic region. LSA-R.S. 23:1221(3)(c)(i); Prudhomme, supra.
*676 The defendant procured the services of a rehabilitation firm to assist the claimant in finding a new job. The defendant tendered the claimant a list of jobs approved by Dr. Bailey that were located in Delhi, Louisiana and Rayville, Louisiana. Claimant resides in Tallulah, Louisiana, which is approximately fifteen miles from Delhi and forty miles from Rayville. The hearing officer concluded that the jobs located by the defendant were not in the claimant's reasonable geographic area.
Defendant, relying on Bankston v. Scaffolding Rental, 513 So.2d 307 (La.App. 1st Cir.1987), argues that the jobs located in Delhi and Rayville are in claimant's reasonable geographic area. In Bankston, the court held that jobs that were located in Baton Rouge, which was approximately thirty miles from the city where claimant resided, were in claimant's reasonable geographic area. We find the facts of Bankston are distinguishable from the facts of the present case. The claimant in Bankston had previously worked in the Baton Rouge metropolitan area and was capable of commuting that distance. The claimant in this case has no means of transportation and lives in a rural area. Prior to his injury, claimant's employer had provided him transportation. The hearing officer determined that it would be unreasonable to expect claimant to travel to Rayville or Delhi to seek employment. She concluded the defendant failed to carry its burden of proving that there is work available to the claimant in his reasonable geographic area that he is physically able to perform. On this record, we cannot say the hearing officer was clearly wrong.
We note that the hearing officer ordered claimant's benefits terminated as of August 16, 1991 finding that his fall in jail was an intervening cause that relieved the defendant of its responsibility to pay claimant worker's compensation benefits. Although the hearing officer correctly concluded that the defendant was not liable for the medical expenses that claimant incurred as a result of his various falls, these incidents are not cause to terminate claimant's supplemental earnings benefits.
The cases in which courts concluded that an intervening cause terminated an employer's obligation to pay worker's compensation benefits generally arose when an employer sought indemnification from a third-party tortfeasor for worker's compensation benefits paid. The general rule that has been enunciated in those cases is that an employer is not liable to pay worker's compensation benefits when an employee is injured in an intervening and unforeseeable accident. Therefore, the employer cannot seek reimbursement from a third-party tortfeasor if it pays worker's compensation benefits for the unrelated accident. See e.g., Elliott v. Glass, 615 So.2d 1354 (La.App. 2d Cir.1993); Dickerson v. Kroger, Inc., 509 So.2d 813 (La.App. 1st Cir.1987); Employers Mutual Liability Ins. Co. of Wisconsin v. Dixon, 425 So.2d 885 (La.App. 4th Cir.1983); Allstate Ins. Co. v. Theriot, 362 So.2d 1214 (La.App. 4th Cir.1978), rev'd on other grounds, 376 So.2d 950 (La.1979).
In the instant case, there has been no evidence presented that claimant's disability has changed or that his subsequent injuries prolonged his employer's obligation to pay supplemental earnings benefits. We find no legal basis to conclude that an unrelated accident automatically terminates claimant's supplemental earnings benefits. Therefore, we find the hearing officer erred as a matter of law in terminating the claimant's supplemental earnings benefits as of August 16, 1991.

Medical Expenses
Claimant complains the insurer failed to pay a balance of $884.20 due to St. Francis Medical Center for his back surgery in December 1989, and $1,089.89 due to the Madison Parish Hospital for emergency room treatment. The hearing officer ordered the insurer to pay the full amount due to St. Francis Medical Center and $225.65 to the Madison Parish Hospital. She found most of claimant's visits to the Madison Parish Hospital were not associated with his work-related injury.
The factual findings of the hearing officer are to be accorded great deference and should not be disturbed in the absence of manifest error. Virgil v. American Guarantee *677 & Liability Ins. Co., 507 So.2d 825 (La. 1987). Claimant visited the Madison Parish Hospital emergency room several times between April 24, 1990 and January 16, 1992. The hearing officer concluded that claimant's April 24, 1990 and July 22, 1991 visits to the Madison Parish Hospital emergency room were associated with his work-related injury.[1] However, reimbursement for the remaining visits was denied. When a work-related injury is subsequently exacerbated, the aggravation is regarded as a development of the initial accident even though it occurs away from the employer's premises after employment has terminated. Stewart v. Hospital Affiliates Int'l, Inc. of Baton Rouge, 404 So.2d 944 (La.1981). Here, the evidence presented indicates these medical expenses were incurred as a result of subsequent accidents that were unassociated with claimant's work-related injury. Thus, on this record, we cannot say the exclusion of these medical expenses was clearly wrong.

Penalties and Attorney Fees
Claimant contends he is entitled to an award of penalties and attorney's fees.
The penalty provision in effect at the time of claimant's accident is applicable to this case. Borne v. Tompkins-Beckwith, Inc., 595 So.2d 1195 (La.App. 5th Cir.1992), writ denied, 600 So.2d 604 (La.1992). At the time of claimant's work-related injury, LSA-R.S. 22:658 provided for a penalty of ten percent on the total amount of the loss when an insurer arbitrarily, capriciously, or without probable cause fails to pay the amount due within sixty days after receipt of satisfactory proof of loss. When there is a serious defense presented in good faith, the assessment of attorney fees and statutory penalties is inappropriate. Johnson v. Fidelity & Casualty Ins. Co. of N.Y., 618 So.2d 651 (La.App.2d Cir.1993). Whether or not a termination of or refusal to pay benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known to the employer or insurer at the time. Johnson, supra.
Here, the defendant's worker's compensation insurer received notice that certain medical expenses were not paid on or before the claimant filed suit in September 1991. At the time suit was filed, claimant submitted unpaid medical bills that were incurred in December 1989 as a result of the back surgery. The insurer argues that it had to carefully scrutinize the medical expenses that were submitted by claimant because he had included bills that were not compensable. However, the insurer made some payments on the medical bills associated with claimant's surgery. For example, the physician who performed claimant's surgery, Dr. Bailey, was paid for his services, but the hospital received only a partial payment approximately one month before trial. The insurer was ordered by the hearing officer to pay the balance.
In France v. A & M Wood Co., 566 So.2d 106 (La.App.2d Cir.1990), this court rejected the defendant's argument that attorney's fees should not have been awarded because most of the claimant's medical expenses had been paid prior to trial. Under the circumstances of this case, the insurer was arbitrary and capricious in its delay in paying claimant's medical expenses. Therefore, the insurer is assessed a ten percent penalty on the medical expenses that it failed to timely pay in accordance with the statute.
Claimant is also entitled to an award of reasonable attorney fees pursuant to LSA-R.S. 23:1201.2. The award of attorney fees must be reasonable based upon the degree of skill and work involved in the case, the number of court appearances, the depositions, the office work and the time spent in court. On appeal, an additional factor to be considered is the time expended on the appeal. Frazier v. Conagra, Inc., 552 So.2d 536 (La.App.2d Cir.1989), writ denied, 559 So.2d 124 (La.1990). After considering these factors, we conclude that an attorney fee award of $2,500 for the work below and $500.00 for the work on appeal is appropriate.

*678 CONCLUSION
For the reasons expressed above, the judgment of the hearing officer is amended to reinstate claimant's supplemental earnings benefits and to award penalties and attorney fees as outlined above.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The hearing officer apparently concluded that these visits were for injections for pain associated with his work-related injury.