1,BROWN, C.J.
Finding error in the granting of summary judgment in favor of defendants in this worker’s compensation case, we reverse and remand.

Facts

On August 15, 2001, Frank Haynes (“Haynes”) sustained a work-related injury to his neck and back when several boxes fell on him while he was unloading a truck. Haynes began receiving weekly indemnity benefits from Liberty Mutual Insurance Company (“Liberty Mutual”), the insurer for his employer, United Parcel Service (“UPS”). Thereafter, Haynes was involved in two automobile accidents, one on November 26, 2001, and the other on May 6, 2002. He did not inform UPS or Liberty Mutual of these accidents or of the settlements he negotiated with the involved drivers and their insurance companies. On August 28, 2002, after Haynes settled the November 26 claim but before he settled the May 6 claim, Liberty Mutual terminated all benefits to him.
On September 6, 2002, Haynes filed a disputed claim in which he alleged that the termination of his benefits was without justification and was arbitrary and capricious. Defendants answered, alleging that claimant had made a material misrepresentation justifying termination of his workers’ compensation benefits in accordance with La. R.S. 23:1208.
On May 4, 2004, defendants filed a motion for summary judgment (which was amended at a later date) seeking dismissal of Haynes’ claim, asserting that he had forfeited his rights to workers’ compensation benefits because he settled the car accident claims without obtaining the consent of his employer. On September 8, 2004, defendants’ motion for summary 1 judgment was granted by the Worker’s Compensation Judge (“WCJ”) and the matter was dismissed with prejudice at claimant’s cost. Haynes has appealed. Finding that the WCJ erred in its interpretation and application of La. R.S. 23:1101 and 1102 in this case, we reverse the grant of summary judgment in favor of defendants and remand the matter for further proceedings.

Discussion

Appellate courts review summary judgments de novo. Potter v. First Federal Savings & Loan Association of Scotlandville, 615 So.2d 318 (La.1993); NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App. 2d Cir.8/21/96), 679 So.2d 477. The reviewing court determines independently whether there are any genuine issues of material fact and whether the movant is entitled to summary judgment as a matter of law. La. C.C.P. art. 966; Boudreaux v. Brinkman, 02-31 (La.App. 5th Cir.05/29/02), 820 So.2d 1118. A fact is material for summary judgment purposes when its existence or nonexistence may be essential to claimant’s cause of action under the applicable theory of recovery. La. C.C.P. art. 966.
A worker’s exclusive remedy against his employer is under the Louisiana Workers’ *1244 Compensation Act. La. R.S. 23:1032. However, La. 23:1101 authorizes the employee or employer to proceed against a third person whose actions caused the compensable injury.
La. R.S. 23:1101 and 1102 provide, inter alia, that if an employee compromises a claim with a third person for an injury which is 13compensable under the Louisiana Workers’ Compensation Act, the employer will only be liable for compensation in excess of the amount recovered against that third person if written approval of the compromise is obtained from the employer at the time of or prior to the compromise. (Emphasis added). Specifically, La. R.S. 23:1102(A) provides that damages recovered by an employee against a third person shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent. The policy behind this provision is to limit double recovery by the employee and to shift the loss suffered by the employee and employer to the wrongdoer. Wex S. Malone and H. Alston Johnson, III, Workers’ Compensation Law and Practice § 373, in 14 Louisiana Civil Law Treatise (4th ed.2002).
La. R.S. 23:1102(13) sets forth the consequences for an employee who “fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise.” Under those circumstances, “the employee or his dependent shall forfeit the right to future compensation, including medical expenses.” However, this statute is tied to La. R.S. 23:1101, which sets forth the rights of employees against third parties. A third party is defined therein as “any party who causes injury to an employee at the time of his employment or any time thereafter provided the employer is obli-yated to pay beneñts under this Chapter because the injury by the third party has aggravated the employment-delatedt injury.” (Emphasis added). Callihan v. Gulf Coast Marine, Inc., 97-1705 (La.App. 1st Cir.05/15/98), 714 So.2d 199.
In Elliott v. Glass, 615 So.2d 1354 (La.App. 2d Cir.1993), an injured worker was involved in a vehicular collision ten months after sustaining an on-the-job injury. She filed a personal injury suit against the driver, his employer, and its insurer. Elliott’s physical condition deteriorated and after three additional back surgeries, she was rendered totally and permanently disabled. During this time, BMH, her employer, continued to pay her medical expenses as well as weekly workers’ compensation benefits. BMH filed a petition for intervention in Elliott’s tort action, seeking reimbursement of medical expenses and other benefits which were owed to Elliott by defendants but which had been paid by BMH, citing La. R.S. 23:1101. Elliott filed exceptions of no cause of action and lack of subject matter jurisdiction, which were granted by the trial court.
In affirming the trial court’s ruling, this court explained:
The statute [La. R.S. 23:1101] contemplates the situation where a third person causes injury and such injury is compen-sable under the Louisiana Worker’s Compensation Act. Townsend v. Pittsburgh Plate Glass Industries, Inc., 535 So.2d 407, 412 (La.App. 3d Cir.1988), writ denied 536 So.2d 1200 (La.1988). In order for the intervenor (employer) to bring into play its right of indemnification under R.S. 23:1101 against a third party, there must exist a corresponding right in the employee to receive compensation as a result of the injuries in question, in this case, the injuries sustained *1245 in the automobile accident. Cedotal v. Wausau Insurance Co., 493 So.2d 263 (La.App. 3d Cir.1986); Paulk v. General Accident Group, 373 So.2d 599, 601 (La.App.3d Cir.1979). The injury sustained must be from an accident “arising out of and in the course and scope of’ Elliott’s employment with the intervenor. See Cedotal, supra; Allstate Insurance Co. v. Theriot, 362 So.2d 1214, 1216 (La.App. 4th Cir.1978), reversed on other grounds and remanded, 376 So.2d 950 (La.1979).
[[Image here]]
The instant petition of intervention fails to allege any relationship between either the two accidents or their resultant injuries, except that the 1988 accident aggravated the earlier work-related injuries. There is no allegation that the 1988 accident caused or resulted in com-pensable injuries. On the face of the petition, the 1988 accident was an intervening unforeseeable incident which was independent of the work-related injuries. The petition fails to allege that the injuries arising from the 1988 accident were anything other than new, unforeseen and not caused by the prior injuries. See Dickerson v. Kroger, Inc., [509 So.2d 813, 816 (La.App. 1st Cir.1987) ].
Elliott is not entitled to recover damages from the tortfeasor for her preexisting condition, it is the tortfeasor who has a basis to complain, not interve-nor. See Cahill v. Schultz, 521 So.2d 442, 444 (La.App. 4th Cir.1988). Based upon the facts as alleged in the petition for intervention, there is no relationship between the 1987 work-related accident/injuries and the 1988 non-work related accident/injuries, therefore the latter injuries are not subject to worker’s compensation law. Under these circumstances, R.S. 23:1101 does not apply. For this reason, plaintiffs exception of no cause of action was properly sustained with regard to intervenor’s § 1101 allegations.
Id., 615 So.2d 1354, 1356-1357.
As in Elliott, supra, for UPS to claim indemnification under La. R.S. 23:1101 against the driver in the automobile accident, Haynes must have had a right to receive compensation as a result of the injuries arising out of that vehicular accident. All that is alleged in this case is that the automobile accident aggravated the earlier work-related injuries. In the instant case, the forfeiture provisions of La. R.S. 23:1102(B) are not implicated because La. R.S. 23:1101 does not apply. See Chelette v. Riverwood International USA, Inc., 02-1347 (La.App. 3d Cir.04/30/03), 843 So.2d 1245, cert. granted in part, judgment reversed in part, 03-1483 (La.10/17/03), 858 So.2d 412; Townsend v. Pittsburgh Plate Glass Industries, Inc., 535 So.2d 407 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1200 (La.1988).

Conclusion

For the reasons stated above, the judgment of the workers’ compensation judge granting summary judgment in favor of defendants is REVERSED and this case is REMANDED for further proceedings. Costs are taxed to defendants-appellees.
REVERSED AND REMANDED.