WARD, Judge.
In this suit for the reinstatement of worker’s compensation and medical benefits against the Louisiana Coca Cola Bottling Company, we must decide whether Philip J. Diebold’s tender to Coca Cola of one-half of his settlement with a third party tortfeasor’s insurer, three years after he compromised his claim, entitled Diebold to “buy back” his rights to benefits in accord- *53 anee with R.S. 23:1102(B). Limiting our resolution of this issue to the particular facts and circumstances of this case, we affirm the Trial Court ruling that Diebold bought back his benefits by tendering $2,500 to Coca Cola.
The resolution of this litigation turns on the interpretation of La.R.S. 23:1102(B):
§ 1102. Employee or employer suits against third persons causing injury; notice of filing
B. If a compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer or insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney’s fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
On June 16, 1984 while in the course and scope of his employment with The Louisiana Coca Cola Bottling Company, Philip J. Diebold was struck by a vehicle driven by a third party tort-feasor. He suffered catastrophic injuries resulting in the amputation of both legs below the knee. Diebold’s attempt to return to Coca Cola’s employ in June and July 1987 were thwarted by pain, complications from skin grafts and the need for additional surgery.
It is important to note that Diebold settled with the third party tortfeasor’s liability insurer for the tort feasor’s policy limits without having instituted suit against either the tortfeasor or her liability carrier.
On or about November 1, 1987, Coca Cola terminated Diebold’s worker’s compensation and medical benefits because Diebold settled his third party claim against the tort-feasor’s liability insurer in October 1984 without notification to or the permission of Coca Cola or its compensation carrier. Upon termination of his benefits, Diebold tendered $2,500 — one half the amount received through the settlement— to Coca Cola and its compensation carrier for the purpose of again receiving worker’s compensation. When Coca Cola refused the tender, Diebold filed a claim for reinstatement of benefits with the Louisiana Department of Labor. The Office of Worker’s Compensation Administration ruled that the “tender of one-half of the compromise amount restored his right to benefits”. Coca Cola and its compensation carrier rejected the recommendation, prompting Diebold’s civil suit.[1]
The Trial Court held that Diebold is entitled to future worker’s compensation and medical benefits, Coca Cola appealed.
Two of Coca Cola’s assignments of error contesting the sufficiency and quality of the tender are briefed on appeal, but were not pleaded, argued nor objected to in stipulations before the Trial Court and, therefore, will not be considered. Rule 1-3, Uniform Rules — Court of Appeal.
*54 In other assignments of error Coca Cola and its insurer argue it is relieved of any obligation to pay compensation and medical benefits because Diebold failed to give notice to his employer of a proposed compromise and failed to make a timely tender of either the total amount of compensation and benefits received or one half of the amount received through the settlement.
Coca Cola argues the statute when read as a whole requires Diebold to first notify Coca Cola of its lawsuit, if any, and then to obtain Coca Cola’s consent to the settlement. Coca Cola maintains that notification and the employer’s approval of the compromise are conditions that must be met before an employee has a right to buy back benefits. Coca Cola relies on Peters v. North River Insurance Company of Morristown, New Jersey, 764 F.2d 306 (5th Cir.1985) and Collier v. Petroleum Helicopters, Inc., 784 F.2d 644 (5th Cir.1986). These cases interpret 33 U.S.C. § 933(g), Longshoremen’s and Harbor Workers Compensation Act, which requires written approval of settlement of a third party claim in order to preserve future benefits. However, unlike R.S. 23:1102(B), the federal statute is devoid of a “buy back” provision; therefore, these cases are not dispositive of this issue.
Worker’s compensation laws are liberally construed in favor of workers to protect worker’s rights. Lester v. Southern Casualty Insurance Company, et al, 466 So.2d 25 (La.1985). The right to buy back is not conditioned upon notification and approval, and we decline to interpret it that way. Rather, we interpret the “buy back” provision of R.S. 23:1102(B) — “Notwithstanding the failure of the employer to approve such compromise” — to mean “in spite of” and includes those situations where the employee fails to give notice of a proposed compromise and as a result, fails to obtain his employer’s approval. An employee has the right to buy back his workers’ compensation and medical benefits regardless of notice and approval by tendering an amount in conformance with the statute.
Finally, Coca Cola argues that Diebold’s tender, made three years after the compromise, is untimely.
The statute is conspicuous in its absence of a time limitation for the tender. The buy back clause simply says future benefits “shall be reserved upon payment ...” without specifying when payment must be made.
The ruling of the Trial Court is affirmed. All costs of the appeal are assessed to Coca Cola.
AFFIRMED.

. Diebold alternatively named as additional party defendants the attorney who represented him at the time of the third party compromise and that attorney's professional liability carrier. However, this alternative cause of action was not presented in the Trial Court and is not now before this Court.