933 So.2d 765 (2006)
Frank HAYNES
v.
UNITED PARCEL SERVICE.
No. 2005-C-2378.
Supreme Court of Louisiana.
July 6, 2006.
*766 Mayer, Smith & Roberts, Milton C. Roberts, Jr., Frank K. Carroll, Shreveport, for Applicant.
James D. Caldwell, Tallulah, for Respondent.
PER CURIAM.
At issue in this workers' compensation matter is whether the court of appeal erred in reversing the judgment of the Office of Workers' Compensation which held a claimant forfeited his right to workers' compensation benefits by settling claims for subsequent accidents without his employer's approval. For the reasons that follow, we reverse the judgment of the court of appeal and reinstate the judgment of the Office of Workers' Compensation.

UNDERLYING FACTS AND PROCEDURAL HISTORY
On August 28, 2001, Frank Haynes sustained injuries to his head, neck and back in a work-related accident during his employment with the United Parcel Service ("UPS") when several boxes fell on him while he was unloading his truck. As a result of this injury, Mr. Haynes received medical and indemnity benefits from UPS's compensation insurer, Liberty Mutual Insurance Company ("Liberty Mutual").
On November 16, 2001, while receiving workers' compensation benefits for his August 28, 2001 accident, Mr. Haynes was involved in a non-work-related automobile accident. Acting in proper person, Mr. Haynes settled his personal injury claims from this accident for $3,140.00 on January 22, 2002. It is undisputed that Mr. Haynes did not advise Liberty Mutual or UPS of this accident, nor did he obtain their approval prior to entering into this settlement.
On May 6, 2002, Mr. Haynes was involved in a second non-work-related automobile accident in a Wal-Mart parking lot. Mr. Haynes made a claim with the other driver's insurer, asserting that the accident aggravated injuries to his head and neck. It is undisputed he did not advise Liberty Mutual or UPS of this accident.
Subsequently, Liberty Mutual learned of the accidents. On August 28, 2002, it advised Mr. Haynes that it was terminating his benefits.[1]
*767 As a result, Mr. Haynes filed a disputed claim for compensation with the Office of Workers' Compensation ("OWC") against UPS and Liberty Mutual (collectively referred to hereinafter as "employer"). He alleged the employer terminated his benefits without justification and requested past due benefits as well as penalties and attorney fees.
After discovery, the employer filed a motion for summary judgment, contending Mr. Haynes' benefits were properly terminated pursuant to La. R.S. 23:1102.[2] In support, the employer relied on Mr. Haynes' interrogatories and deposition testimony, in which he admitted the automobile accidents aggravated his work-related injury. It further cited the portion of Mr. Haynes' deposition in which he testified he did not notify the employer of the accidents and he did not attempt to seek its approval of the settlements. The employer also produced copies of the written releases executed by Mr. Haynes in exchange for $3,140.00 and $5,343.00 respectively.
Mr. Haynes opposed the motion for summary judgment. He argued La. R.S. 23:1101 does not apply in cases where the subsequent injuries are not compensable under workers' compensation statutes. Mr. Haynes further contended there were genuine issues of material fact of whether the automobile accidents aggravated his previous work-related injury and were therefore compensable. In support, he relied on the deposition of Dr. Austin Gleason, his treating physician who opined that Mr. Haynes' injuries resulting from his first automobile accident were "minimal, if any."
After a hearing, the OWC hearing officer granted the employer's motion for summary judgment and dismissed Mr. Haynes' claim with prejudice. The hearing officer found Mr. Haynes admitted in his deposition that his previous injuries were aggravated as a result of the subsequent car accidents. Consequently, the hearing officer concluded Mr. Haynes forfeited his rights to compensation benefits pursuant La. R.S. 23:1102 for failure to disclose the accidents to his employer and for settling the claims without the employer's approval.
Mr. Haynes appealed. The court of appeal reversed the judgment of the OWC and remanded the case for further proceedings. The court reasoned because the injuries Mr. Haynes sustained as a result of the automobile accidents were not compensable, the forfeiture provisions of the workers' compensation statutes could not be applied to terminate Mr. Haynes' benefits. Haynes v. United Parcel Service, 39,877 (La.App. 2 Cir. 8/17/05), 908 So.2d 1242.
Upon the employer's application, we granted certiorari to consider the correctness of that decision. Haynes v. United Parcel Service, 05-2378 (La.3/24/06), 925 So.2d 1216.

*768 DISCUSSION
La. R.S. 23:1101 recognizes the right of the employer or employee to seek redress from a third person causing injury to the employee. See Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980). La. R.S. 23:1102(A)(1) provides that if an employee brings suit against a third party as provided by La. R.S. 23:1101, the employee is required to give the employer notice in writing of this suit. The purpose of this requirement is to promote timely intervention by the employer and protect the employer from losing its right of indemnity. See Norris v. Goeders, 26,130 (La.App.2d Cir.3/10/95), 652 So.2d 144, writ denied, 95-0933 (La.6/2/95), 654 So.2d 1106. Pursuant to La. R.S. 23:1102(B), if the employee fails to notify the employer of the suit against the third party or fails to obtain written approval of a compromise from the employer, the employee "shall forfeit the right to future compensation, including medical expenses.. . ."
Interpreting the pre-1989 version of La. R.S. 23:1101, some appellate courts held that the statute contemplated that the injury caused by the third party must be a compensable injury. See, e.g., Townsend v. Pittsburgh Plate Glass Industries, Inc., 535 So.2d 407 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1200 (La.1988). These courts reasoned that in order for the employer to seek reimbursement against a third party under La. R.S. 23:1101, there must exist a corresponding right in the employee to receive compensation as a result of the injuries in question. Cedotal v. Wausau Ins. Co., 493 So.2d 263 (La.App. 3rd Cir.1986).
In the instant case, the court of appeal relied on Elliott v. Glass, 615 So.2d 1354 (La.App. 2nd Cir.1993), a case decided under the pre-1989 law[3] and concluded that the employer cannot seek reimbursement because Mr. Haynes' automobile accidents were not employment related and therefore, his injuries resulting from these accidents were not compensable. Thus, because the employer had no reimbursement rights, the court concluded the forfeiture provisions of the workers' compensation statutes could not be applied to terminate Mr. Haynes' benefits.
However, the court of appeal's opinion failed to address the effect of La. R.S. 23:1101(C), which was added in 1989. That subsection provides:
C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury. [emphasis added].
In Travelers Insurance Company v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000, this court recognized the scope of the amendment, stating, in pertinent part:
The 1989 amendment to LSA-R.S. 23:1101 allows compensation insurers reimbursement from persons who aggravate work-related injuries and thereby extend the obligation to pay compensation benefits. Hanover Ins. Co. v. Allstate Ins. Co., 554 So.2d 1261, 1268 n. 3 (La.App. 1 Cir.1989), notes that Subsection C overrules the jurisprudence holding that a compensation carrier has no cause of action against a tortfeasor when the accident does not occur in the course and scope of employment. [emphasis added].
As shown by Travelers, the 1989 amendment to La. R.S. 23:1101 overruled *769 prior jurisprudence holding that the employer had no cause of action against a tortfeasor when the accident does not occur in the course and scope of employment. Under La. R.S. 23:1101(C), it is clear that if the third-party tortfeasors aggravated Mr. Haynes' work-related injury, his employer would have reimbursement rights against them and Mr. Haynes would have an obligation to obtain written approval from his employer prior to settling with these tortfeasors, under the penalty of forfeiting his benefits pursuant La. R.S. 23:1101(B).
Although Mr. Haynes concedes he did not seek written approval from the employer prior to entering into the settlement with the third-party tortfeasors, he contends summary judgment is inappropriate because there are questions of fact as to whether the automobile accidents aggravated his work-related injury. However, a review of Mr. Haynes' deposition reveals that he admitted both accidents aggravated his work-related injury. When asked about the injuries he sustained in the November 2001 accident, Mr. Haynes replied, "[i]t was just an aggravation to the injuries I already had." As to the May 2002 Wal-Mart accident, Mr. Haynes testified as follows:
Q. Alright, I'm a little confused. You told me you were not injured in the Wal-Mart accident or are you telling me now you were injured in the Wal-Mart accident?
A. No, I'm telling you it was aggravation to the injuries I already had.
* * *
Q. And you told State Farm [the tortfeasor's insurer] that you had aggravated your work related injuries in their auto accident at Wal-Mart?
A. Yes.
We find Mr. Haynes' sworn deposition testimony conclusively proves that both automobile accidents aggravated his prior work-related injuries. It is likewise undisputed that Mr. Haynes failed to seek or to obtain written approval from his employer prior to entering into settlements with the third-party tortfeasors.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(B); Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37. Because there are no facts in dispute, the employer is entitled to judgment as a matter of law establishing that Mr. Haynes has forfeited his rights to future workers compensation benefits under La. R.S. 23:1101(B). Accordingly, we must reverse the judgment of the court of appeal and reinstate the judgment of the OWC granting the employer's motion for summary judgment.[4]

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The *770 judgment of the Office of Workers' Compensation is reinstated. Both parties are to bear their own costs.
NOTES
[1] At the time Liberty Mutual terminated his benefits, Mr. Haynes had not yet settled his claims arising out of the May 6, 2002 accident. He subsequently settled this claim on March 25, 2003 for $5,343.
[2] La. R.S. 23:1102 provides, in pertinent part:

A. (1) If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
* * *
B. [...] If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses.[...]
[3] Although decided in 1993, Elliott involved an accident which occurred in 1988.
[4] In oral reasons for judgment, the hearing officer also stated Mr. Haynes was precluded from exercising his "buy-back" rights pursuant to La. R.S. 23:1202(B). However, we note that neither party raised this issue during the proceedings. Moreover, the hearing officer's oral reasoning with regard to the "buy-back" issue was not incorporated into the final, written judgment. It is well-settled that oral reasoning forms no part of the judgment. See LaRocca v. Bailey, 01-0618 (La. App. 3 Cir. 11/7/01), 799 So.2d 1263. Because the judgment is silent on this issue, we express no opinion as to whether Mr. Haynes can exercise his "buy back" rights under La. R.S. 23:1202(B).