WILLIAMS, J.
hln this case, the Office of Workers’ Compensation (“OWC”) granted summary judgment in favor of defendant, Employers’ Self Insurance Fund (“ESIF”), finding that claimant’s right to receive payment for medical treatment related to his cardiac condition was suspended, subject to the buy back provisions of LSA-R.S. 23:1102(B). However, the workers’ compensation judge (“WCJ”) rejected ESIF’s assertion that claimant had forfeited all *721 future workers’ compensation benefits. For the following reasons, we affirm.
FACTS
On February 13, 2003, claimant, Richard A. Ryan, suffered a spinal cord injury during the course and scope of his employment.[1] While hospitalized, claimant underwent surgery to repair internal hemorrhoids. During the surgery, the anesthesiologist administered a drug which was contraindicated for persons with spinal cord injuries. As a result, claimant suffered a cardiac arrest, but he was resuscitated. In January 2006, claimant filed a medical malpractice suit against the anesthesiologist and the hospital as a result of the cardiac arrest incident.
Meanwhile, ESIF refused to pay claimant for workers’ compensation benefits, resulting in prolonged litigation. As a result of this Court’s ruling in Ryan v. Blount Bros. Construction, 40,845 (La.App.2d Cir.4/19/06), 927 So.2d 1242, writ denied, 2006-1219 (La.9/15/06), 936 So.2d 1272, ESIF paid claimant’s workers’ compensation indemnity benefits and medical expenses.
l2On February 8, 2007, claimant filed another disputed claim for workers’ compensation, alleging that ESIF had failed to pay for “prescriptions, medical bills [and] out-of-pocket expenses” and had failed to “approve medical procedures.” That claim included a demand for penalties and attorney fees. On April 8, 2008, claimant filed a “First Supplemental and Amending Petition for Declaratory Judgment and Penalties,” alleging that ESIF had discontinued payment for physical therapy; “denied and/or substantially delayed” payments for prescriptions; caused his weekly benefit payment to arrive “later and later”; refused to pay for mileage and out-of-pocket expenses; and delayed the replacement of his wheelchair for more than a year.
Subsequently, claimant settled his medical malpractice claim with the anesthesiologist and hospital and dismissed his claims against the healthcare providers. After learning of the settlement of the medical malpractice suit, ESIF responded to claimant’s compensation claim, alleging that claimant had forfeited his right to all future workers’ compensation benefits by settling a lawsuit with a third-party tort-feasor without ESIF’s approval. On June 27, 2008, ESIF moved for summary judgment on the issue. On March 23, 2009, the WCJ granted summary judgment in favor of ESIF, concluding that claimant’s “right to receive payment for any medical treatment related to cardiac problems is suspended subject to the buy back provisions of La. R.S. 23:1102(B).”
Subsequently, claimant filed a motion for new trial and/or to set aside the judgment, arguing that the judgment signed had been “presented in |serror.” While the motion for new trial was pending, ESIF filed a supervisory writ in this Court. In response, claimant filed a motion to dismiss the writ, contending that his motion for new trial was pending in the lower court. This Court denied both claimant’s motion to dismiss the writ and ESIF’s supervisory writ, stating, in part, “It appears that the ruling of the Office of Workers’ Compensation is subject to a pending motion for new trial, and an aggrieved party will have the right to appeal from a final judgment when the claimant’s right to compensation is finally and completely decided.” Ryan v. ESIF, 44,704 *722 (La.App.2d Cir.6/4/09) (unpublished) (internal citation omitted).
On October 2, 2009, the WCJ signed another judgment, granting partial summary judgment in favor of ESIF. That judgment provided:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that ESIF’s Motion for Summary Judgment is granted in part only such that [claimant’s] right to receive payment of medical expenses for cardiology treatment is forfeited subject to the buy-back provisions of La. R.S. 23:1102(B), and that all other relief sought in the Motion for Summary Judgment is denied.
On February 3, 2011, the WCJ dismissed claimant’s pending demand for penalties and attorney fees. The judgment also stated, “[A]ppeal rights of the defendants with regard to their previously ruled upon Motion for Summary Judgment ... are hereby preserved and protected.”
In response, claimant filed a motion for new trial, arguing that he had not approved the proposed judgment submitted by ESIF and signed by the WCJ. He also argued that the judgment “contains an invalid provision attempting to preserve an appeal which has otherwise been abandoned by |4the running of time and the delays allowed by law[.]”
On April 14, 2011, the WCJ granted claimant’s motion for new trial, and amended the February 3, 2011 judgment to provide as follows:
THIS CAUSE came ... for hearing on January 25, 2011, on the Disputed Claim for Compensation filed on February 8, 2007, and the First Supplemental and Amending Petition for Declaratory Judgment filed on April 8, 2008, filed by plaintiff RICHARD RYAN, which pleadings contain the last remaining issues to be litigated before this Court in these proceedings.
[[Image here]]
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of [ESIF], and against [claimant], dismissing [the] claims for statutory penalties and attorney fees— those being the sole remaining claims to be litigated in these proceedings—with prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment shall not affect any appeal rights of either party with regard to any prior judgments rendered in these proceedings.
On May 6, 2011, ESIF filed a motion for suspensive appeal, moving “to take a sus-pensive appeal as to all issues and claims in this proceeding including, but not limited to the [WCJ] ’s ruling on the defendant’s Motion for Summary Judgment, which applied the improper penalty for plaintiffs violation of La. R.S. 23:1102(B)[.]” The WCJ granted ESIF’s motion for suspen-sive appeal. On September 14, 2011, claimant filed a motion to partially dismiss the appeal, which was denied by this Court on October 20, 2011.
DISCUSSION
ESIF contends the WCJ correctly granted summary judgment; however, the WCJ erred in failing to conclude that claimant had forfeited all future workers’ compensation benefits. ESIF argues that claimant settled |sthe medical malpractice lawsuit without obtaining written approval from the workers’ compensation insurer; therefore, forfeiture is mandated pursuant to LSA-R.S. 23:1102(B).[2]
*723 The law concerning summary judgment is well-settled.[3] Appellate courts review summary judgments de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Sensebe v. Canal Indem. Co., 2010-0703 (La.1/28/11), 58 So.3d 441; Tillman v. Eldridge, 44,460 (La.App.2d Cir.7/15/09), 17 So.3d 69.
LSA-R.S. 23:1101 recognizes the right of the employer or employee to seek redress from a third person causing injury to the employee. Haynes v. United Parcel Service, 2005-2378 (La.7/6/06), 933 So.2d 765. If an | (¡employee brings suit against a third party as provided by LSA-R.S. 23:1101, the employee is required to give the employer notice in writing of this suit. LSA-R.S. 23:1102; Haynes, supra. The purpose of this requirement is to promote timely intervention by the employer and protect the employer from losing its right of indemnity. Haynes, supra; Norris v. Goeders, 26,130 (La.App.2d Cir.3/10/95), 652 So.2d 144, writ denied, 95-0933 (La.6/2/95), 654 So.2d 1106. If the employee fails to notify the employer of the suit against the third party or fails to obtain written approval of a compromise from the employer, the employee “shall forfeit the right to future compensation, including medical expenses[.]” LSA-R.S. 23:1102(B).
LSA-R.S. 23:1101(0 provides:
For purposes of this Section, “third person” shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
(Emphasis added). LSA-R.S. 23:1101(0 allows compensation insurers reimbursement from persons who aggravate work-related injuries and thereby extend the obligation to pay compensation benefits. *724 See, Travelers Ins. Co. v. Joseph, 95-0200 (La.6/30/95), 656 So.2d 1000.
In Callihan v. Gulf Coast Marines, Inc., 97-1705 (La.App.1st Cir.5/15/98), 714 So.2d 199, writ denied, 98-1633 (La.9/25/98), 725 So.2d 489, the claimant was injured during the course and scope of his employment. While undergoing treatment for his work-related injury, the claimant suffered another injury at the rehabilitation center. The claimant filed a lawsuit against the rehabilitation center, and later settled the suit without the signed |7consent of the workers’ compensation insurer. The insurer refused to pay the claimant’s subsequent medical bills, and the claimant filed a disputed claim for workers’ compensation benefits. The WCJ denied the claim, and the claimant appealed. The court of appeal reversed, finding that the rehabilitation center was not a “third person” under the statute; therefore, the claimant was not required to obtain the consent of the workers’ compensation insurer. The court stated:
The application of the requirements of La. R.S. 23:1102(B) is framed by the definition of “third person” pursuant to its delineation in La. R.S. 23:1101(C). The fact that the second [injury] occurred as a result of the treatment for the first injury is not dispositive of a determination that the injuries themselves are mutually exclusive. In the absence of an aggravation of the previous work-related injury, the elements of La. R.S. 23:1101 and 23:1102(B) are in-apposite.
Id. at 202.
Thus, if the third-party tortfeasors, the anesthesiologist/hospital, aggravated claimant’s work-related injury, thereby extending ESIF’s obligation to pay compensation benefits, then ESIF would have reimbursement rights against the anesthesiologist/hospital. Consequently, claimant would have had an obligation to obtain written approval from ESIF prior to settling with the anesthesiologist/hospital, under the penalty of forfeiting his benefits pursuant to LSA-R.S. 23:1102(B).
It is undisputed that claimant did not seek written approval from ESIF prior to entering into the settlement with the anesthesiologist/hospital. However, although claimant sought damages for his cardiac injuries, there was no allegation that the act of medical malpractice aggravated the workjrelated8 spinal cord injury. Nonetheless, claimant did not appeal, or file an answer to ESIF’s appeal, with regard to the WCJ’s grant of the motion for summary judgment. Therefore, the issue of whether the WCJ erred in granting ESIF’s motion for summary judgment is not properly before this court. See, LSA-C.C.P. art. 2133.[4] Thus, the only issue on appeal is whether the WCJ erred in failing to find that forfeiture of benefits is the appropriate remedy.
As stated above, claimant suffered a spinal cord injury during the course and *725 scope of his employment and was hospitalized as a result of that injury. During his hospitalization, he suffered a separate, unrelated injury as a result of medical malpractice. While it is doubtful that claimant would have been a victim of medical malpractice had he not been hospitalized for the work-related injury, there is nothing in the record to suggest that the actions of the anesthesiologist aggravated the spinal cord injury.
Additionally, nothing in the record shows that the cardiac injury resulted in the extension of ESIF’s obligation to pay workers’ compensation benefits. During his argument to this Court, counsel for ESIF implied that 19claimant had received additional benefits due to his cardiac injury. However, in this court’s prior opinion in this matter, this court recognized that claimant was diagnosed with a heart condition during his hospitalization, but never ordered ESIF to pay any additional workers’ compensation benefits as a result of the cardiac issues. ESIF was ordered to reimburse claimant’s health insurer, which had paid all of claimant’s medical expenses for the work-related injury because ESIF had refused to do so.
Based on our review of the record and the relevant statutory provisions, we find that the hospital and anesthesiologist were not “third persons” under the definition of LSA-R.S. 23:1101, and the WCJ erred in applying 23:1102 under the facts of this case. Because our review is limited to the issue of damages, we find that the WCJ did not err in failing to conclude that claimant had forfeited his right to future compensation benefits.
CONCLUSION
For the reasons set forth herein, the judgment of the Office of Workers’ Compensation is affirmed. Costs of this appeal are assessed to appellant, Employers’ Self Insurance Fund.
AFFIRMED.

. The claimant was shot by a child, who was playing nearby with a gun while claimant was operating a trackhoe for his employer.

. Claimant has reasserted his argument that this appeal should be dismissed as untimely. *723 However, as stated above, this Court denied claimant's motion to dismiss the appeal on October 20, 2011. Therefore, that argument will not be readdressed in this opinion.

. The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880; Adams v. JPD Energy, Inc., 45,420 (La.App.2d Cir.8/11/10), 46 So.3d 751, writ denied, 2010-2052 (La. 11/12/10), 49 So.3d 892. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). After adequate discovery or after a case is set for trial, "a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.” LSA-C.C.P. art. 966(C)(1). When the motion for summary judgment is made and supported as provided in Art. 966, the adverse party "may not rest on the mere allegations or denials of his pleading," but his response, by affidavits or other proper summary judgment evidence, "must set forth specific facts showing that there is a genuine issue for trial.” LSA-C.C.P. art. 967(B); Cheramie Servs. Inc. v. Shell Deepwater Prod., Inc., 2009-1633 (La.4/23/10), 35 So.3d 1053. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Id. Speculation that a fact finder might disbelieve the mover's witnesses will not defeat a properly supported motion for summary judgment. Jones v. Estate of Santiago, 2003-1424 (La.4/14/04), 870 So.2d 1002; Babin v. Winn-Dixie La., Inc., 2000-0078 (La.6/30/00), 764 So.2d 37.

. LSA-C.C.P. art. 2133(A) provides, in pertinent part:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court[.]