# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-1008


**LIBERTY MUTUAL FIRE INS. CO.**

**VERSUS**

**TERRY WEAVER, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-88391, DIV. B
HONORABLE LALA BRITTAIN SYLVESTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**DAVID E. CHATELAIN\***
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, David E. Chatelain, and Van H. Kyzar, Judges.


**AFFIRMED.**


---------------------------------

\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Dan Boudreaux**
**Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, LA 70809**
**(225) 293-7272**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Liberty Mutual Fire Ins. Co.**

**George A. Flournoy**
**Flournoy & Doggett, APLC**
**P.O. Box 1270**
**Alexandria, LA 71309**
**(318) 487-9858**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Allmerica Financial Benefit Ins. Co.**
    **Terry Weaver**
    **Progressive Gulf Ins. Co.**

**Sidney J. Angelle**
**Erik L. Vollenweider**
**Lobman, Carnahan, Batt, Angelle & Nader**
**400 Poydras St., Suite 2300**
**New Orleans, LA 70130**
**(504) 586-9292**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Allmerica Financial Benefit Ins. Co.**

**S. Curtis Mitchell**
**Casler, Bordelon & Lawler**
**11550 Newcastle Ave., Suite 200**
**Baton Rouge, LA 70816**
**(318) 840-5075**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Terry Weaver**
    **Progressive Gulf Ins. Co.**

**CHATELAIN, Judge.**

The plaintiff, Liberty Mutual Fire Insurance Company (Liberty Mutual), appeals the trial court's judgments granting the peremptory exceptions of res judicata of the defendants, Allmerica Financial Benefit Insurance Company (Allmerica), Terry Weaver (Weaver), and Progressive Gulf Insurance Company (Progressive) (collectively "the defendants"). We affirm.[1]

## PROCEDURAL HISTORY

On March 28, 2016, Liberty Mutual filed a petition alleging a violation of La.R.S. 23:1102(C)(1) against the defendants.[2] In its petition, Liberty Mutual alleged that it had intervened and asserted a workers' compensation lien in a separate tort action filed by Mary Ortega (Ortega), and that on September 19, 2015, the defendants entered into a settlement agreement with Ortega without obtaining Liberty Mutual's consent as required by La.R.S. 23:1102(C)(1).

On July 12, 2016, Weaver filed a peremptory exception of res judicata alleging that in the prior suit "the action was between the same parties on the same cause of action as this action[,] and that Liberty Mutual's claim in the tort action had been resolved pursuant to a judgment of dismissal rendered on October 27, 2015." On that same day, Progressive also filed a peremptory exception of res judicata asserting the same reasons as Weaver.[3] Likewise, on August 2, 2016, Allmerica filed a peremptory exception of res judicata and a motion for sanctions. Allmerica asserted that the current suit is "founded on the same cause of actions,

_____

[1] As explained more fully herein, we also recognize *sua sponte* that Liberty Mutual has failed to state a cause of action.

[2] Liberty Mutual also named Phillips Distributing, L.L.C. of MS. (Phillips) as a party in its petition. Phillips was a party in the prior suit and signed the settlement agreement at issue. However, in this case Phillips neither answered Liberty Mutual's petition nor filed an exception and the trial court's judgments did not name Phillips as a party.

[3] Progressive also filed a declinatory exception of insufficiency of service, but at the hearing in this case the insufficiency of service was admitted to have been remedied.

demands the same thing, and is between the same parties and formed by them in the same quality as" the prior suit. On August 19, 2016, Liberty Mutual filed a memorandum in opposition to the defendants' peremptory exceptions of res judicata to which it attached three exhibits: (A) the trial court's judgment in the prior suit signed on October 27, 2015; (B) its petition of intervention in the prior suit filed on July 25, 2014; and (C) the September 17, 2015 settlement agreement between the defendants and Ortega in the prior suit.

The trial court held a hearing on the exceptions on August 25, 2016. Liberty Mutual offered its memorandum in opposition with its attachments for the record. The defendants offered no evidence at the hearing. On September 19, 2016, the trial court entered two judgments in this matter, one submitted by Liberty Mutual and one by the defendants; it is impossible to determine which judgment the trial court signed first. Although the two judgments differed in phraseology, the decretal language was the same – the trial court granted the peremptory exceptions of res judicata and denied the motion for sanctions. Liberty Mutual timely appealed both judgments.

## RES JUDICATA: ISSUE PRECLUSION

In the present case, Liberty Mutual relies upon La.R.S. 23:1102(C)(1), contending that because of the settlement Ortega reached with the defendants without Liberty Mutual's prior written approval, it is entitled to "a total amount of $103,748.71 and all additional workers' compensation payments that may accrue or occur subsequent to the resolution of this litigation as a matter of law." Liberty Mutual further argues that because the settlement at issue was entered into before its intervention was dismissed in the earlier lawsuit, this constitutes a new and different cause of action to which res judicata is inapplicable. We disagree.

2

"Res judicata is an issue and claim preclusion device found both in federal law and state law." *Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 95-654, 95-671, p. 12 (La. 1/16/96), 666 So.2d 624, 631. "The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless relitigation." *Id.*. Although prior to 1991, Louisiana law on res judicata was substantially narrower than federal law, the 1991 amendments expanded the law to include issue preclusion. *Id*; *Williams v. City of Marksville*, 02-1130 (La.App. 3 Cir. 3/5/03), 839 So.2d 1129.

Under the principle of issue preclusion set forth in La.R.S. 13:4231(3), "[a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." Although both claim and issue preclusion are termed res judicata under our law, these two concepts are alike in result but distinctly different. In *Hudson v. City of Bossier,* 33,620, p. 7 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, 743, *writ denied*, 00-2687 (La. 11/27/00), 775 So.2d 450 (emphasis added), the appellate court explained this distinction:

> Under claim preclusion, a final judgment on the merits precludes the parties from relitigating matters that were or *could have been raised* in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties.

Comment (b) to La.R.S. 13:4231 further states, in part:

> R.S. 13:4231 also changes the law by adopting the principle of issue preclusion. This principle serves the interests of judicial economy by preventing relitigation of the same issue between the same parties. For example, if a plaintiff brings an action against a defendant to recover for injuries sustained in an automobile accident, the judgment rendered in that action would preclude relitigation of any issue raised in a subsequent action brought by defendant against plaintiff to recover for his injuries sustained in the same accident

provided that the issue had been actually litigated and essential to the judgment, e.g., fault of either party. This proviso insures that the issue would have been fully developed by the parties in the first action and makes it fair to hold the parties bound to that initial determination.

"[O]nce a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties." *Hudson,* 33,620, p. 7, 766 So.2d at 743. Thus, under La.R.S. 13:4231(3) the three requirements for issue preclusion are: "(1) a valid and final judgment; (2) identity of the parties; and (3) an issue that has been actually litigated and determined if its determination was essential to the prior judgment." *Horrell v. Horrell*, 99-1093, p. 1 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 373, *writ denied*, 01-2546 (La. 12/7/01), 803 So.2d 971.

At the heart of Liberty Mutual's contention in the present case, La.R.S. 23:1102(C)(1) states, in pertinent part:

> When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section.

As a corollary to La.R.S. 23:1102(C)(1), La.R.S. 23:1101(C) further provides:

> For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.

In support of its contention herein, Liberty Mutual's petition alleges: (1) it intervened to assert its workers' compensation lien in a tort action against Ortega;

4

(2) pursuant to La.R.S. 23:1101(B), it had a right to bring a direct action against a tortfeasor for reimbursement or indemnification of all sums paid in compensation and medical benefits for Ortega's workers' compensation claim; (3) pursuant to La.R.S. 23:1102(C)(1), if a settlement is considered in a suit in which a lienholder has intervened and written approval of the lienholder is not obtained, then the third party defendant is required to pay the workers' compensation carrier the total amount of compensation and medical benefits previously paid on behalf of the workers' compensation claimant; and (4) on September 17, 2015, Ortega settled her claim against the defendants without Liberty Mutual's written approval.

As well recognized in the jurisprudence, not every "third person" qualifies as a "third person" contemplated by La.R.S. 23:1101 – 1102. To the contrary, the application of La.R.S. 23:1102(C) is framed by the definition of "third person" as delineated in La.R.S. 23:1101(C). *See Haynes v. United Parcel Serv.*, 05-2378 (La. 7/6/06), 933 So.2d 765; *Travelers Ins. Co. v. Joseph*, 95-200 (La. 6/30/95), 656 So.2d 1000; *Ryan v. ESIF/Ryan Constr.*, 46,916 (La.App. 2 Cir. 4/4/12), 88 So.3d 719, *writ denied*, 12-1023 (La. 6/29/12), 92 So.3d 344; *Champagne v. State, La. State Univ.*, 01-242 (La.App. 1 Cir. 3/28/02), 819 So.2d 1059; *Callihan v. Gulf Coast Marines, Inc.*, 97-1705 (La.App. 1 Cir. 5/15/98), 714 So.2d 199, *writ denied*, 98-1633 (La. 9/25/98), 725 So.2d 489.

More importantly, our earlier decision in *Ortega v. Progressive Gulf Insurance Co.*, 16-42 (La.App. 3 Cir. 6/1/16) (unpublished opinion) specifically rejected Liberty Mutual's third-party defendant contention. In our affirmation of the dismissal of Liberty Mutual's intervention in the underlying tort action, we specifically determined the issue of whether the tort action involved an injured employee's suit against a "third party defendant." In rejecting Liberty Mutual's claim, we observed that Liberty Mutual had "admitted that Ortega was not in the

5

course and scope of her employment" when the auto accident took place and further found that Liberty Mutual failed to prove that it had incurred any additional expenses as a result of the auto accident at issue. *Id*. at 4.

"Issue preclusion requires the issue to be precluded to have been a dispositive issue which the prior court **must have considered** in a contest between the same parties."[4] *Goodman v. Spillers*, 28,933, p. 11 (La.App. 2 Cir. 12/23/96), 686 So.2d 160, 167, *writs denied*, 97-225, 97-423 (La. 3/27/97), 692 So.2d 393, 400. Considering this court's decision in *Ortega*, one that was adverse to Liberty Mutual and involved the same parties, it is evident that the "third-party defendant" issue that was decided there is the same one at play in the present action. Thus, under La.R.S. 13:4231(3) there being a valid and final judgment between identical parties, and an issue that has been actually litigated and determined which was essential to the prior judgment and equally essential to the present action, we find that the trial court correctly granted the defendants' peremptory exception of res judicata.

Additionally, a court of appeal may raise the peremptory exception of no cause of action *sua sponte*: "the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit . . . may be noticed by either the trial or appellate court on its own motion." La.Code Civ.P. art. 927(B); see *Moreno v. Entergy Corp.*, 10-2268 (La. 2/18/11), 64 So.3d 761. After carefully reviewing Liberty Mutual's petition, it is void of any allegation of fact that the third party tortfeasor meets the criteria detailed in La.R.S. 23:1101(C). Thus, we further

---

[4] Although Liberty Mutual correctly notes that its present cause of action, premised on Ortega's settlement, arose after the rendition of the final judgment and could not have been asserted earlier, such factor is of no moment in the assessment of issue preclusion. Specifically, La.R.S. 13:4231(3) contemplates the use of an actual, essential issue "in any subsequent action between them."

conclude Liberty Mutual has failed to state a cause of action and dismiss its petition with prejudice.[5]

## DECREE

We affirm the trial court judgments which granted the peremptory exceptions of res judicata filed by Allmerica Financial Benefit Insurance Company, Terry Weaver, and Progressive Gulf Ins. Company. We further recognize *sua sponte* the peremptory exception of no cause of action and dismiss with prejudice Liberty Mutual Insurance Company's petition against Terry Weaver, Allmerica Financial Benefit Insurance Company, and Progressive Gulf Insurance Company. Costs of this appeal are assessed to Liberty Mutual Insurance Company.

**AFFIRMED; CASE DISMISSED WITH PREJUDICE.**

---

[5] Considering this court's decision in *Ortega v. Progressive Gulf Insurance Co.*, 16-42 (La.App. 3 Cir. 6/1/16) (unpublished opinion), which specifically rejected Liberty Mutual's third-party contention, it is evident that Liberty Mutual cannot amend its pleadings to remove the grounds of the peremptory exception of no cause of action which we recognize.